E-FILED
Thursday, 17 March, 2011 10:41:08 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> LARRY KASPAR, an individual, and KASPAR TREE FARMS OF ILLINOIS, INC., <br><br> Defendants. | ) ) ) ) ) ) ) No. 10-3157 ) ) ) ) ) ) ) ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on: (1) the Plaintiff Secretary of Labor's (Secretary) Motions for Ruling of Inapplicability of Automatic Stay to Her Action Against Defendant Kaspar Tree Farms of Illinois, Inc. (Kaspar Tree Farms) and Defendant Larry Kaspar (d/e 15 and 18) (Motions for Ruling); (2) Defendants' Response to Secretary of Labor's Motion for Ruling of Inapplicability of Automatic Stay to Her Action Against Defendant, Kaspar Tree Farms of Illinois, Inc., and Against Defendant Larry Kaspar , and Motion To Transfer Venue to the Bankruptcy Court for the District of Nebraska in Case No. 11-40232 (d/e 20 and 22) (Motion to Transfer); and (3) Secretary's Motion to Strike Answer to Complaint and for Entry of

Default (d/e 23) (Motion for Default). The parties consented, pursuant to 28 U.S.C. § 636(c), to have this matter proceed before this Court. Consent to Proceed Before a United States Magistrate Judge, and Order of Reference (d/e 10). For the reasons set forth below, the Court allows the Motions for Ruling, denies the Motion to Transfer, and denies the Motion for Default, with leave to refile.

## STATEMENT OF FACTS

On July 7, 2010, the Secretary brought this action against Defendants Kaspar Tree Farms and Kaspar personally for retaliation in violation of the Occupational Safety and Health Act (OSHA), 29 U.S.C. § 660(c). Complaint (d/e 1). The Complaint alleges that the Defendants fired Dale French from his employment at Kaspar Tree Farms in retaliation for French making a list of OSHA safety violations at Kaspar Tree Farms and for French's wife reporting those violations to state and local authorities. Complaint, ¶ IV. The Complaint asks for a permanent injunction, back wages for French, and compensatory and punitive damages for French. Complaint, at 4-5.

In January 2011, Kaspar Tree Farms filed chapter 7 bankruptcy in the Central District of Illinois, and Kaspar filed chapter 7 bankruptcy in the District of Nebraska. Motion to Transfer, ¶¶ 1,7. The Secretary asks for a

ruling that the Bankruptcy Code automatic stay, 11 U.S.C. § 362(a), does not stay these proceedings.  Defendants oppose these Motions for Ruling and ask the Court to transfer the case to the Bankruptcy Court for the District of Nebraska.  The Secretary also asks for the Court to strike the Complaint and enter a default against the Defendants for failure to comply with this Courts' orders in this case.

ANALYSIS

Upon filing bankruptcy, the Bankruptcy Code imposes an automatic stay on proceedings to recover money from the debtor in the bankruptcy. 11 U.S.C. § 362(a).  The Bankruptcy Code, however, exempts some proceedings from the stay.   The exemptions include the commencement or continuation of an action by a governmental unit to enforce police or regulatory powers.  11 U.S.C. § 362(b)(4).  This exception to the stay applies to actions by government agency actions to enforce laws against employment discrimination and retaliation.  N.L.R.B. v. P*I*E Nationwide, Inc., 923 F.2d 506, 509 (7th Cir. 1991).  The Secretary, therefore, can seek injunctive relief to bar further violations and seek a determination of the amount of damages owed as a result of the violation.  The damage award cannot be enforced; rather, the award represents a claim in bankruptcy that must be adjudicated through the bankruptcy process.  This Court, however,

can determine the amount of any such claim.  E.E.O.C. v. Wildwood Industries, Inc., 2009 WL 2050992, at *3 (C.D.Ill. 2009).  Defendants' arguments to the contrary are not persuasive.  The Motions for Ruling are allowed.

The Defendants' Motion to Transfer violates the Local Rules because Defendants cite no authority for the proposition that this case should be transferred to the Bankruptcy Court for the District of Nebraska.  See Local Rule 7.1(B)(2).  The Court, further, is not aware of any authority to justify such a transfer.  The Motion to Transfer is, therefore, denied.

The Secretary, finally, asks this Court to strike the answer and enter a default against the Defendants.  The Secretary requests this relief because the Defendants have not complied with this Court's orders regarding discovery and replacement counsel for Kaspar Tree Farms.  The Court declines to enter a default at this time because the Motions for Ruling have been pending.  The question of whether the automatic stay applied, therefore, was still at issue.  If the automatic stay applied, the Defendants would not be obligated to comply with orders in a stayed proceedings.  Until the Court ruled, the Defendants could in good faith rely on their position that this matter was stayed.

Hence, the Court denies the Motion for Default at this time. The Court, however, has now ruled that the automatic stay does not apply. The Defendants are directed to serve upon Plaintiff full and complete initial disclosures in compliance with Federal Rule of Civil Procedure 26(a), full and proper answers to the Secretary's Interrogatories to Defendants (first set), without objections, and full and proper responses to the Secretary's Request for Production of Documents to Defendant Larry Kaspar (first set) by April 8, 2011. Corporate Defendant Kaspar Tree Farms is further directed to obtain replacement counsel by April 8, 2011. If the Defendants do not comply fully, the Secretary has leave to refile the Motion for Default.

## CONCLUSION

WHEREFORE, Plaintiff Secretary of Labor's Motions for Ruling of Inapplicability of Automatic Stay to Her Action Against Defendant Kaspar Tree Farms of Illinois, Inc. and Defendant Larry Kaspar (d/e 15 and 18) are ALLOWED; Defendants' Response to Secretary of Labor's Motion for Ruling of Inapplicability of Automatic Stay to Her Action Against Defendant, Kaspar Tree Farms of Illinois, Inc., and Against Defendant Larry Kaspar , and Motion To Transfer Venue to the Bankruptcy Court for the District of Nebraska in Case No. 11-40232 (d/e 20 and 22) is DENIED; and the

Secretary's Motion to Strike Answer to Complaint and for Entry of Default (d/e 23) is DENIED with leave to refile if Defendants do not fully comply with this Opinion.

ENTER: March 17, 2011

                    *s/ Byron G. Cudmore*
                BYRON G. CUDMORE
       UNITED STATES MAGISTRATE JUDGE